UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-00012 |
| | ) | JUDGE CAMPBELL |
| DONNIE JONES | ) | |

ORDER

Pending before the Court are Defendant's Motion In Limine No. 1: Exclusion Of Informants' Statements To Law Enforcement Officers Implicating Donnie Jones In Wrongdoing (Docket No. 118); Defendant's Motion In Limine No. 2: Request For Pretrial Determination Of Limits To Opinion Testimony Of DEA Agent (Docket No. 119); and Defendant's Motion In Limine No. 3: Request For Pretrial Determination As To The Admissibility Of Audio And/Or Video Recordings And the Use Of Transcripts Of Such Recordings (Docket No. 120). The Government has filed a Response (Docket No. 122) to the Motions. The Court held a Pretrial Conference on October 17, 2011, at which the parties presented argument regarding the Motions.

Defendant's Motion In Limine No. 1: Exclusion Of Informants' Statements To Law Enforcement Officers Implicating Donnie Jones In Wrongdoing (Docket No. 118) is GRANTED in part, and DENIED in part. Through the Motion, the Defendant seeks to exclude statements made by the confidential informant to law enforcement officers regarding the Defendant, and statements made by Co-Defendant Tabor to law enforcement officers regarding the Defendant. In its Response, the Government indicates that it does not intend to elicit testimony from law enforcement officers regarding the statements of Co-Defendant Tabor because he is expected to testify at trial. Accordingly, this issue is moot.

As for the statements of the confidential informant, counsel for the Government stated during argument that he expects to ask the following questions of a law enforcement witness who will respond in the affirmative: "Did you develop a confidential informant back in the summer of 2009?" "Did that person provide you with information regarding drug crimes in Putnam County?" "Did you work with the confidential informant after that time?" Counsel for the Government stated that he did not intend to ask the witness about information the confidential informant provided regarding the Defendant specifically.

The Court concludes that the questions set forth by the Government do not violate the Defendant's Confrontation Clause rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) because the information is not offered for the truth of the matter asserted, but rather "serve[] the purpose of explaining how certain events came to pass or why the officers took the actions they did." United States v. Cromer, 389 F.3d 662, 676 (6th Cir. 2004).

Counsel for the Government stated that he also intended to ask a law enforcement witness why they executed a search warrant for the Defendant's residence on August 21, 2009 when the search warrant was issued two days earlier. The Court concludes that the Government may elicit a statement that the witness executed the search warrant on August 21 because he had received information from the confidential informant that someone or some people were manufacturing methamphetamine on the Defendant's property at that time. Such a statement does not violate the Defendant's Confrontation Clause rights under Crawford because the information is not offered for the truth of the matter asserted, but rather explains why the officers executed the search warrant when they did. United States v. Cromer, 389 F.3d at 676.

2

The Court will give a contemporaneous instruction regarding the statements of the confidential informant.

Defendant's Motion In Limine No. 2: Request For Pretrial Determination Of Limits To Opinion Testimony Of DEA Agent (Docket No. 119) is GRANTED in part, and DENIED in part. Through the Motion, Defendant seeks to exclude the opinion testimony of Drug Enforcement Agent Billy J. Mundy that the Defendant was manufacturing methamphetamine at the time the search warrant was executed at his residence. Defendant also seeks a clear demarcation between Agent Mundy's factual testimony and his opinion testimony.

At the hearing, counsel for the Government stated that Agent Mundy is expected to testify that at the time the search warrant was executed at the Defendant's residence, methamphetamine was being manufactured, but would not state that the Defendant was engaged in manufacturing. Counsel also stated that Agent Mundy would opine that the method of manufacturing methamphetamine expected to be described by Co-Defendant Tabor in his testimony was a viable method, and that the items found at the scene reflected a viable method for manufacturing methamphetamine.

The Court concludes that the opinions described by counsel for the Government are appropriate, and do not directly state that the Defendant was manufacturing methamphetamine.

As for the request for demarcation, the Government indicates that it is likely to call Agent Mundy to testify two separate times in order to divide his factual testimony from his opinion testimony. If the Government determines that it will call Agent Mundy to testify at one time to both facts and opinion, the Court will take a break between the factual testimony and cross examination, and the opinion testimony and cross examination. The Court will also give a

contemporaneous instruction regarding the two types of testimony.

Defendant's Motion In Limine No. 3: Request For Pretrial Determination As To The Admissibility Of Audio And/Or Video Recordings And the Use Of Transcripts Of Such Recordings (Docket No. 120) is RESERVED until the recordings and transcripts at issue are filed and the Court has an opportunity to consider them.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE